(November 7, 1955.)

■

ERROL FLYNN, Respondent, v. CONFIDENTIAL, INC., Appellant.

*Per Curiam.* The action is one for libel arising out of the publication of an article in a magazine owned and published by defendant and known as "Confidential".

Defendant has not yet answered and seeks an order requiring plaintiff, pursuant to rule 102 of the Rules of Civil Practice, to serve an amended complaint so as to make the same more definite and certain, by designating the statement or statements relating to him in the alleged libelous matter set forth in paragraph 3 of the complaint or, in the alternative, requiring plaintiff herein, pursuant to rule 115 of the Rules of Civil Practice, to serve defendant with a bill of particulars specifying the statement or statements relating to him in the alleged libelous matter set forth in paragraph 3 of the complaint which plaintiff claims to be false and defamatory and granting defendant twenty days after service of said bill of particulars upon its attorneys within which to answer the complaint herein.

The matter complained of by plaintiff consists of the complete article which appeared in the said magazine covering four pages thereof. The article contained many varied statements, including accounts of activities of some persons other than plaintiff, and purportedly covering different incidents occurring over a long period of time. Unquestionably, there is some matter contained in the article which is not libelous and not untrue. Plaintiff should be required to serve a bill of particulars designating which statements are claimed to be false in order that defendant may not be compelled to answer immaterial portions of the entire article broadly alleged libelous material. Under the circumstances of this case, defendant is entitled to a bill of particulars before answer (*Curley* v. *Harper & Bros.*, N. Y. L. J., Jan. 15, 1937, p. 240, col. 6, affd. 250 App. Div. 849).

The order appealed from should be modified so as to grant that part of the defendant's motion which sought a bill of particulars and, as so modified, the order should be affirmed. Settle order.

Peck, P. J., Breitel, Bastow, Cox and Bergan, JJ., concur.

Order unanimously modified so as to grant that part of defendant's motion which sought a bill of particulars and, as so modified, affirmed. Settle order on notice.